# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | | |
|---|---|---|
| Jennifer Trapp | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Experian Information Solutions, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     C T Corporation System | ) | |
|     306 West Main Street, Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Tyndall Federal Credit Union | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Tyndall Federal Credit Union | ) | |
|     3109 Minnesota Avenue | ) | |
|     Panama City, FL 32405-5026 | ) | |
| | ) | |
| Collection Bureau of Ft. Walton Beach, Inc. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Tommy Cooley, Jr. | ) | |
|     151 Coyote Pass #19 | ) | |
|     Panama City Beach, FL 32407 | ) | |
| | ) | |
| Capital One Bank (USA), N.A. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Capital One Bank (USA), N.A. | ) | |
|     4851 Cox Road | ) | |
|     Glen Allen, VA 23060 | ) | |
| | ) | |
| Credit One Bank, N.A. | ) | |
|     *Defendant* | ) | |
| Serve: | ) | |
|     Credit One Bank, N.A. | ) | |
|     585 Pilot Road | ) | |
|     Las Vegas, NV 89119 | ) | |
| | ) | |
| | ) | |
| | ) | |

| | |
|---|---|
| Synchrony Bank | ) |
|     *Defendant* | ) |
| Serve: | ) |
|     Synchrony Bank | ) |
|     170 West Election Road, Suite 125 | ) |
|     Draper, UT 84020 | ) |
| | ) |

# COMPLAINT and DEMAND FOR JURY TRIAL

## INTRODUCTION

1.   This is a complaint for damages for Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.   Jurisdiction of this court arises under 15 U.S.C. § 1681p and 15 U.S.C. § 1692k(d). Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Woodford County, Ky., which is located within this District.

## PARTIES

3.   Plaintiff Jennifer Trapp is a natural person who resides in Boyle County, Ky. Ms. Trapp is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

4.   Defendant Experian Information Solutions, Inc. is a foreign corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian has registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

5.   Defendant Tyndall Federal Credit Union ("Tyndall") is a federal credit union with its headquarters located at 3109 Minnesota Avenue, Panama City, FL 32405. Tyndall is a furnisher of credit information and user of consumer credit reports within the meaning of the FCRA.

6.   Defendant Collection Bureau of Ft. Walton Beach, Inc. ("Ft. Walton") is a Florida corporation, the principal purpose of whose business is the purchase and/or collection of debts, operating a debt collection agency with its principal place of business located at 711 Eglin Parkway NE, Fort Walton Beach, Florida 32547.

7.   Ft. Walton's principal purpose is the collection of debts, and Ft. Walton regularly

collects or attempts to collect debts owed or due or asserted to be owed or due another. For these reasons, Ft. Walton is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the FCRA.

8. Capital One Bank (USA), N.A. ("Capital One") is a national bank regulated by the Office of the Comptroller of the Currency, with its headquarters located at 4851 Cox Road, Glen Allen, VA 23060. Capital One is a furnisher of credit information and user of consumer credit reports within the meaning of the FCRA.

9. Credit One Bank, N.A. ("Credit One") is a national bank regulated by the Office of the Comptroller of the Currency, with its headquarters located at 585 Pilot Road, Las Vegas, NV 89119. Credit One is a furnisher of credit information and user of consumer credit reports within the meaning of the FCRA.

10. Synchrony Bank ("Synchrony") is a federal savings association whose headquarters is located at 170 West Election Road, Suite 125, Draper, UT 84020. Synchrony is a furnisher of information and user of consumer credit reports within the meaning of the FCRA.

## STATEMENT OF FACTS

11. On June 20, 2012, Ms. Trapp filed for Chapter 7 Bankruptcy relief in the Northern District of Florida Bankruptcy Court, Case No. 12-50319 (the "Trapp Bankruptcy").

12. On her petition in the Trapp Bankruptcy, Ms. Trapp listed *inter alia* unsecured debts to Defendants Capital One Bank (USA), N.A. ("Capital One"); Credit One Bank ("Credit One"); GE Capital Retail Bank (now Synchrony Bank) ("Synchrony"); Experian Information Solutions, Inc. ("Experian"); and Tyndall Federal Credit Union ("Tyndall FCU").

13. The Bankruptcy Court for the Northern District of Florida issued a discharge in the Trapp Bankruptcy on December 7, 2012.

14. After receiving the discharge, Ms. Trapp began taking steps to right her economic ship.

15. On or about March 7, 2017, Ms. Trapp applied for a home loan.

16. Ms. Trapp's loan applications were denied based on credit information contained in her consumer credit reports.

17. After the denials, Ms. Trapp reviewed the tri-merged credit report on which the loan denial was based.

18. Ms. Trapp was dismayed to discover several tradelines that were being misreported on her consumer credit reports, including tradelines concerning debts discharged in the Trapp Bankruptcy.

19. In particular, Ms. Trapp discovered *inter alia* inaccurate tradelines being reported for Tyndall FCU and Collection Bureau of Ft. Walton Beach ("Ft. Walton") that failed to reflect that the underlying debt had been discharged in the Trapp Bankruptcy.

20. Ms. Trapp also discovered inaccurate furnished by Capital One, Credit One, and Synchrony.

21. Capital One, Credit One, and Synchrony were all reporting inaccurate payment-history information.

22. Capital One was reporting that Ms. Trapp was 30 days late in making payments for June 2012 for two accounts, which was the month in which Ms. Trapp filed for Chapter 7 Bankruptcy relief in the Trapp Bankruptcy. For one of these two accounts, Capital One also was reporting that Ms. Trapp was 30 days late in making payments for July 2012. Capital One should have reported a "D" in the Payment History Profile for June 2012 through the date of discharge. Using the correct "D" code would have resulted in no payment history available for June 2012 and July 2012.

23. Credit One was reporting that Ms. Trapp was 30 days late in making payments for June 2012, which was the month in which Ms. Trapp filed for Chapter 7 Bankruptcy relief in the Trapp Bankruptcy. Further, Credit One was reporting that Ms. Trapp was 90 days late in making payments for July 2012. Credit One should have reported a "D" in the Payment History Profile for June 2012 through the date of discharge. Using the correct "D" code would have resulted in resulted in no payment history available for June 2012 and July 2012.

24. Synchrony was reporting that Ms. Trapp was 30 days late in making payments for June 2012, which was the month in which Ms. Trapp filed for Chapter 7 Bankruptcy relief in the Trapp Bankruptcy. Further, Synchrony was reporting that Ms. Trapp was 60 days late in making payments for July 2012. Synchrony should have reported a "D" in the Payment History Profile for June 2012 through the date of discharge. Using the correct "D" code would have resulted in resulted in no payment history available for June 2012 and July 2012.

25. Upon finding the false and inaccurate credit information on her tri-merged credit

report, Ms. Trapp sent dispute letters to all three major consumer reporting agencies ("CRAs")—Equifax, Experian, and Trans Union—disputing tradelines furnished by Tyndall FCU, Collection Bureau of Ft. Walton, Capital One, Credit One, and Synchrony.

26. The CRAs sent Tyndall FCU, Collection Bureau of Ft. Walton, Capital One, Credit One, and Synchrony notice of Ms. Trapp's disputes, which thereby triggered Tyndall FCU's, Collection Bureau of Ft. Walton's, Capital One's, Credit One's, and Synchrony's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the negative information each defendant was furnishing to the CRAs concerning Ms. Trapp.

27. Ms. Trapp's disputed letters had mixed results. Some of the false and inaccurate information was corrected. But some was not.

28. Tyndall FCU failed to conduct a reasonable investigation into Ms. Trapp's disputes concerning the negative credit information Tyndall FCU was furnishing to Experian and Ms. Trapp's discharged debt.

29. Tyndall FCU falsely verified the accuracy of the disputed negative credit information to Experian.

30. In response to her dispute, Experian failed to correct the negative credit information furnished by Tyndall FCU. After processing Ms. Trapp's dispute, Experian continued to report the Tyndall FCU tradeline thusly:



31. In response to her dispute, Capital One, Credit One, and Synchrony continued to

report the same inaccurate payment histories outlined above.

## CLAIMS FOR RELIEF

I. **Claims against Experian Information Solutions, Inc.**

    A. **Violation of 15 U.S.C. § 1681i(1)**

32. Experian Information Solutions, Inc. violated 15 U.S.C. § 1681i(1) by failing to conduct a reasonable investigation of Ms. Trapp' dispute concerning the inaccurate credit information furnished by Tyndall FCU.

33. As a result of Experian's failure to conduct a reasonable investigation of Ms. Trapp's dispute, Experian continued to inaccurately report that the Tyndall FCU tradeline was a current collection account with a balance due and owing. Ms. Trapp suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress

34. Experian's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

35. In the alternative, Experian's conduct, actions and inactions were negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

    B. **Violation of 15 U.S.C. § 1681e(2)**

36. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Ms. Trapp and the accuracy of tradelines it published to its users and subscribers. In particular, Experian failed to note in its published reports that some of the tradelines it was reporting had been discharged in the Trapp Bankruptcy.

37. As a result of Experian's failure to conduct a reasonable investigation of Ms. Trapp's dispute, Ms. Trapp suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress

38. Experian's conduct, actions and inactions were willful, rendering Experian liable

under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Experian was on clear notice that the failure to update public records with respect to judgments was problematic for Experian. Other lawsuits raising the same issue has been filed against Experian in this and other jurisdictions for the same failure.

39.     In the alternative, Experian's conduct, actions and inactions were negligent rendering Experian liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

II.     **Claims against Collection Bureau of Ft. Walton Beach, Inc.**

40.     Collection Bureau of Ft. Walton Beach, Inc. ("Ft. Walton") attempted to collect a discharged debt from Ms. Trapp by furnishing negative credit information concerning Ms. Trapp and a discharged medical collection account to one or more CRA's.

41.     Ft. Walton furnished false, negative credit information about Ms. Trapp and a discharged medical debt.

42.     Ft. Walton misrepresented the legal status of the medical collection account by furnishing information to one or more CRA's that Ms. Trapp was still liable for payment of a discharged medical account.

43.     The above actions by Ft. Walton violate 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

III.    **Claims against Tyndall Federal Credit Union**

44.     Tyndall Federal Credit Union ("Tyndall FCU") violated 15 U.S.C. § 1681s-2(b). After being informed by Experian that Ms. Trapp disputed the accuracy of the information it was providing concerning Ms. Trapp and the discharged Tyndall FCU debt, Tyndall FCU willfully failed to conduct a proper investigation of Ms. Trapp' disputes filed with Experian that Tyndall FCU was furnishing false negative credit information about Ms. Trapp and the discharged Tyndall FCU debt.

45.     Tyndall FCU willfully failed to review all relevant information purportedly provided by Experian to Tyndall FCU in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

46.     Tyndall FCU willfully failed to direct Experian to delete inaccurate information about Ms. Trapp pertaining to the discharged Tyndall FCU debt as required by 15 U.S.C. §1681s-

2(b)(C).

47. As a result of Tyndall FCU's failure to conduct a reasonable investigation of Ms. Trapp' dispute, Ms. Trapp suffered actual damages in the form of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress

48. Ms. Trapp has a private right of action to assert claims against Tyndall FCU arising under 15 U.S.C. §1681s-2(b).

49. Tyndall FCU is liable to Ms. Trapp for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

50. In the alternative, Tyndall FCU's conduct, actions and inactions were negligent rendering Tyndall FCU liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**IV. Claims against Capital One Bank (USA), N.A.; Credit One Bank, N.A.; and Synchrony Bank**

51. Capital One Bank (USA), N.A. ("Capital One"), Credit One Bank, N.A. ("Credit One"), and Synchrony Bank ("Synchrony") each violated 15 U.S.C. § 1681s-2(b). After being informed by the CRAs that Ms. Trapp disputed the accuracy of the credit information each was providing concerning Ms. Trapp, Capital One, Credit One, and Synchrony each willfully failed to conduct a proper investigation of Ms. Trapp's disputes filed with the CRA's that Capital One, Credit One, and Synchrony each were furnishing inaccurate payment histories concerning Ms. Trapp.

52. Capital One, Credit One, and Synchrony each willfully failed to review all relevant information purportedly provided by the CRAs to Capital One, Credit One, and Synchrony in conducting their investigation, as required by 15 U.S.C. §1681s-2(b)(B).

53. Capital One, Credit One, and Synchrony each willfully failed to direct the CRA's to delete inaccurate information about Ms. Trapp pertaining to Ms. Trapp's payment histories as required by 15 U.S.C. §1681s-2(b)(C).

54. As a result of Capital One's, Credit One's, and Synchrony's failure to conduct a reasonable investigation of Ms. Trapp' disputes, Ms. Trapp suffered actual damages in the form

of a lowered credit score and denial of credit. She also suffered frustration, irritation, and emotional upset and distress

55. Ms. Trapp has a private right of action to assert claims against Capital One, Credit One, and Synchrony each arising under 15 U.S.C. §1681s-2(b).

56. Capital One, Credit One, and Synchrony are each liable to Ms. Trapp for the actual damages she has sustained by reason of each's violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

57. In the alternative, Capital One's, Credit One's, and Synchrony's conduct, actions and inactions were negligent rendering Capital One, Credit One, and Synchrony each liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jennifer Trapp requests that the Court grant her the following relief:

1. Award Plaintiff the maximum amount of statutory damages under the FCRA, 15 U.S.C. §1681n, against Defendants Experian, Tyndall FCU, Capital One, Credit One, and Synchrony;

2. Award Plaintiff the maximum amount of statutory damages under the FDCPA, 15 U.S.C. §1692k, against Defendant Ft. Walton;

3. Award Plaintiff actual damages against Defendants Experian, Tyndall FCU, Capital One, Credit One, and Synchrony under the FCRA, 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4. Award Plaintiff actual damages against Defendant Ft. Walton under the FDCPA, §1692k;

5. Award Plaintiff punitive damages against Defendants Experian, Tyndall FCU, Capital One, Credit One, and Synchrony under the FCRA, 15 U.S.C. § 1681n;

6. Award Plaintiff Attorney's fees, litigation expenses and costs under the FDCPA and/or FCRA;

7. A trial by jury; and

8. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
**J. Hays Lawson**
*Credit Defense Attorneys, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
james@creditdefenseky.com
hays@creditdefenseky.com